UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JTTONALI ONE EYE EL-BEY, *et al.*, <br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES <br> OF AMERICA, et al., <br> Defendants. | Case No. 1:21-cv-574 <br><br> Barrett, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, an inmate formerly at the Butler County Jail,[1] has filed the instant pro se action. The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio), and *El-Bey v, Sylvester, et al.,* No. 1:21-cv-680-MRB-SKB (S.D. Ohio).

Noting that the documents initially submitted by plaintiff in the instant action included a page captioned "Habeas Corpus," exhibits, inmate request and grievance forms, summons, and a document captioned "Motion/Complaint/Seizure/Warrant" (*See* Doc. 1), the Court informed plaintiff that it was unclear what relief he sought. The Court directed plaintiff that, if he wished to continue with his claims in this Court, he must either file a habeas corpus petition or civil complaint and either pay the applicable filing fee or file a complete application and affidavit to

---

[1] The last known address for plaintiff was the Butler County Jail. However, as of this date, plaintiff's name does not appear on the Butler County Jail website's inmate roster. It does appear that plaintiff was ordered to undergo a psychiatric and/ or psychological evaluation pursuant to 18 U.S.C. § 4241 in a pending criminal matter in this Court. *See United States v. Watson*, No. 1:21-cr-110-MWM (S.D. Ohio) (Doc. 31). However, plaintiff has not provided an updated address in the instant matter. Accordingly, the **Clerk of Court** is **DIRECTED** to mail this Report and Recommendation to plaintiff at the Butler County Jail—his last known address.

proceed *in forma pauperis* within thirty days. (Doc. 2, at PageID 92). Plaintiff has now complied with the Court's Deficiency Order by filing an amended civil complaint and a complete application to proceed in forma pauperis. (*See* Docs. 4; 4-1; 24).[2]

Plaintiff has also made numerous additional filings, including a motion to consolidate cases (Doc. 6), a "Memorandum in Support of Rule 101 Scope of Rules: (A)(B)(C)[,] Ohio. R. Evid. 101 Request for Relief and Summary Judgment" (Doc. 12), a "Consolidation of Actions[,] Entry for Dismissal of 1:21-mj-702/1:21-CR-110" (Doc. 13), a "Memorandum in Support for the § 2242 Habeas Corpus 1-10 Pages Application[,] Including Entry for Stay of State Court Proceedings (Marbury v. Madison 1803) § 2251" (Doc. 14), "Motion under Exceptional Circumstances for Special Appointment of Coun[sel]" (Doc. 20), a "Motion for Leave of Court to File: 81/2 by 14 in. Legal Document (American Convention on Human Rights" (Doc. 27), a "Motion for and to Self-Representation and Entrie(s): § 2242-§ 2251 for Dismissal with Prejudice" (Doc. 28), a "Motion to Remove the Incorrect Name of: The United States of America and Replace it with the Correct Name to: The United States (1803)" (Doc. 29), and a "Motion to Add or Correct Defendant(s): Name, Title and or Rank" (Doc. 30).

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the amended complaint (Doc. 4-1) to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform

---

[2]Plaintiff's amended complaint (Doc. 4-1) is the "legally operative complaint." *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000).

2

Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on plaintiff's various other remaining submissions and motions. (Docs. 6; 12-14; 20; 27-30).

## Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A

3

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

4

**Amended Complaint**

Plaintiff names the following thirteen defendants in his amended complaint: the United States of America, Clinton County Sheriff Department, Wilmington Police Department, Clinton County Municipal Court, Clinton County Common Pleas Court, Clinton County Prosecutor Attorney's Office, the Franklin City Police Department, Clinton County Recorder Office, Clinton County Probate Court, the United States Attorney General, the United States of America Office of the Secretary of State, the Ohio Attorney General, and Clinton County Adult Detention Center. (*See* Doc. 4-1, at PageID 112). In addition, it appears that plaintiff intends to sue an unknown "Clinton County Sheriff/Deputy in his individual capacity." (Doc. 4-1, at PageID 120).

Plaintiff alleges that "[t]he cause of action for this suit arose on 12/05/2020" when an unknown Sheriff Deputy in his individual capacity allegedly "assigned the Wilmington Police Department to pursue and apprehend [a] 03 Dodge Ram Silver Commercial Vehicle registered to [a] JttonAli One Eye El-Bey" and to "unlawfully stop, detain, arrest," plaintiff and "search, seize, tow" his truck. (Doc. 4-1, at PageID 120).

Plaintiff, who claims to be a "Moorish American National" (Doc. 4-1, at PageID 109), further alleges that he was booked for "Failing to Identify . . . under Obstructing Official Business . . . without regards to any proof of identity, tax identification documents, name change corrections, registration, title(s), constitutional notices, Moorish American National Flag . . . [,] resolution numbers, etc. etc." (Doc. 4-1, at PageID 120). Although not entirely clear, it appears that plaintiff attempts to tie his arrest to his prior attempt at a "name-change or correction,"

5

which he claims the Clinton County Probate Court refused to file. (*See* Doc. 4-1, at PageID 118).

For relief, plaintiff seeks, among other things, "$10,000 per day incarceration," "discharge-dismissal-release," and a lifetime restraining order against the defendants. (Doc. 4-1, at PageID 114).

## Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's unlawful arrest and detention claims against the unknown "Clinton County Sheriff/Deputy in his individual capacity" should be stayed pending completion of the criminal case (No. 1:21-cr-110) (*see* note 1, above) currently pending against plaintiff in this Court. The charges in Case No. 1:21-cr-110 stem from plaintiff's arrest on December 5, 2020, the same arrest that is at issue here. (*See* Case No. 1:21-cr-110, Doc. 1, at PageID 4-6).[3] In *Wallace v. Kato*, the United States Supreme Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393–94 (2007).

A stay is appropriate here because challenges to plaintiff's arrest on December 5, 2020, are "related to rulings that will likely be made in" the pending federal criminal matter. *Id.* at

---

[3]The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

393. *See also Ray v. Moon*, 635 F. App'x 502, 504 (10th Cir. 2015) ("A stay of the civil-rights case, pending disposition of the criminal prosecution, may be appropriate."); *Lewis v. McCay*, No. 1:13-cv-10384, 2013 WL 2424933, at *3 (E.D. Mich. June 4, 2013) (staying claims challenging a search and seizure that lead to the plaintiff's federal firearm charges). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against the United States of America, the United States Attorney General, and the United States Office of the Secretary of State are subject to dismissal for lack of subject matter jurisdiction. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity[.]" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). The allegations in the complaint do not provide any factual content or context from which the Court may reasonably infer that these defendants waived their sovereign immunity with respect to the matters at issue in this case. Accordingly, plaintiff has not carried his burden to identify a waiver of sovereign immunity and the claims against the United States defendants should be dismissed.

Next, plaintiff's claims against the Ohio Attorney General should be dismissed. Plaintiff does not allege that the Ohio Attorney General had any involvement in the facts giving rise to the complaint. Indeed, aside from naming him as a defendant, plaintiff does not mention the Ohio Attorney General in the complaint. Personal involvement in unconstitutional activity is required to allege liability under 42 U.S.C. § 1983. *See, e.g., Grinter v. Knight,* 532 F.3d 567, 575 (6th

7

Cir.2008).⁴ Accordingly, plaintiff's claim against the Ohio Attorney General must be dismissed for failure to state a claim upon which relief can be granted.

Moreover, to the extent that plaintiff is attempting to sue the State of Ohio, the complaint must be dismissed against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976).

Plaintiff's claims against the Wilmington Police Department and the Franklin City Police Department should also be dismissed. Under Ohio law, "[a] police department is not a juridical entity subject to suit." *Schaffner v. Pell,* No. 2:10–cv–374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir.2006) (citations omitted)).

---

⁴This Court understands the amended complaint (Doc. 4-1) to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

Plaintiff's claims against the Clinton County Prosecutor Attorney's Office and the Clinton County Recorder Office are also subject to dismissal. County offices are not "persons" within the meaning of § 1983 or legal entities that are capable of being sued. *See, e.g.*, *Henry v. Allen*, No. l:13-cv-701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Report & Recommendation) (finding that the Hamilton County Prosecutor's Office is not a legal entity capable of being sued), *adopted*, 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014); *Schleiger v. Gratiot Cty. Prosecutor's Office*, No. 4:11-cv-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted*, 2012 WL 95757 (E.D. Mich. Jan. 12, 2012). Furthermore, to the extent that plaintiff mentions "Andrew T. McCoy; Prosecutor," plaintiff has not named McCoy as a defendant. Moreover, plaintiff alleges only that McCoy is legal counsel to various county defendants and does not allege any unconstitutional actions on McCoy's part. (Doc. 4-1, at PageID 121). Such vague and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66.

Similarly, the Clinton County Municipal Court, Clinton County Common Pleas Court, and Clinton County Probate Court are not "persons" subject to suit under § 1983. *See Mumford v. Basinski,* 105 F.3d 264, 268 (6th Cir. 1997); *see also Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) ("Those courts that have considered the matter seem to have held unanimously that a court is not a "person" within the meaning of that term as used in § 1983.") (citing cases). Plaintiff's claims against these defendants should therefore be dismissed.

Next, plaintiff's claims against the Clinton County Adult Detention Center are subject to dismissal because a county jail is not a "person" or legal entity that can be sued under § 1983.

9

*See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)); *Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Therefore, the claims against the Clinton County Adult Detention Center should be dismissed.

      Likewise, plaintiff's claims against the Clinton County Sheriff's Department should be dismissed because this defendant is not an entity capable of being sued. *See, e.g., Bay v. Clermont Cty. Sheriff's Dep't,* No. 1:08-cv-376, 2009 WL 2495774, at *2 (S.D. Ohio Aug. 12, 2009) (Dlott, J.; Black, M.J.) (and cases cited therein) (granting a motion to dismiss the county sheriff's department as a defendant in a prisoner civil rights action); *Sherrills v. Cuyahoga Cty. Corr. Ctr.,* No. 1:09cv1152, 2012 WL 3112308, at *2 (N.D. Ohio July 31, 2012). *See also Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) ("[U]nder Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983."), *overruled on other grounds by Twombly*, 550 U.S. at 561-62. To the extent that plaintiff also mentions "Sgt Meheem," Michael Wahl, Justin Drake, "C.L. Prickett," and "Ken Hilte with CORSA" (Doc. 4-1, at PageID 121), these individuals are not names as defendants. In any event, plaintiff's vague and conclusory allegations against these individuals are simply insufficient to raise a right to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66.

      Finally, to the extent that plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, such claims sound in habeas corpus. *Cf. Campbell v. Zych*, No. CIV. 08-14804, 2009 WL 377081, at *1 (E.D. Mich. Feb. 11, 2009) (citing *Atkins v. People of the*

*State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981)). Although the Court need not address such claims in this civil rights action, the Court notes that "a habeas petition brought under 28 U.S.C. § 2241 or § 2254 is not an appropriate avenue for a federal pretrial detainee's complaints that he is being held in custody in violation of his constitutional trial rights." *Campbell*, 2009 WL 377081, at *1. *See also Ferguson v. Gilliam*, No. 91-5814, 1991 WL 206516, at*1 (6th Cir. 1991) ("[T]he habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution."). Rather, where such a petitioner raises issues that "may be resolved in the pending criminal process or on appeal[,]" he "must exhaust his claims at trial and on direct appeal before he can maintain a habeas action." *Campbell*, 2009 WL 377081, at *2.[5]

### IT IS THEREFORE RECOMMENDED THAT:

1. The amended complaint (Doc. 4-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's unlawful arrest and detention claims against unknown "Clinton County Sheriff/Deputy in his individual capacity," which claims should be **STAYED** in accordance with *Wallace v. Kato*, 549 U.S. 384 (2007). The **Clerk of Court** is **DIRECTED** to add defendant unknown Clinton County Sheriff/Deputy in his individual capacity to the docket sheet in this case.

---

[5]The Court notes that plaintiff is also facing state-court charges, which may be related to the arrest at issue in this action. *See* the Clinton County Court of Common Pleas website, viewed at https://www.clintoncountycourts.org/recordSearch.php?k=acceptAgreementsearchForm1404 under Watson, Jtton; Case No. CRI21500197. Plaintiff's pending state-court charges would be an additional basis to stay this action. *See Younger v. Harris*, 401 U.S. 37 (1971). Further, to the extent that petitioner would seek relief from custody in relation to any state-court charges, his sole federal remedy is a petition for a writ of habeas corpus after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

2. The stay should remain in effect until the criminal proceeding in Case No. 1:21-cr-110 is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay should remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court. If plaintiff wishes to proceed in this action following completion of the criminal proceedings against him, he must file a motion to reopen at that time. For administrative purposes only, the case should be closed during the pendency of the stay.

3. Plaintiff's pending motions and submissions (Docs. 6; 12-14; 20; 27-30) be **DENIED** as **MOOT** subject to refiling if and when appropriate after any stay is lifted

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JTTONALI ONE EYE EL-BEY, *et al*., <br>    Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES <br> OF AMERICA, et al., <br>    Defendants. | Case No. 1:21-cv-574 <br><br> Barrett, J. <br> Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13